BERNADEAN JENKINS *vs.* GUARDIANSHIP ADMINISTRATOR, ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES. March 1, 1974. This is an appeal from a decree dismissing a petition for the appointment of a guardian of two minors, born in 1960 and 1961. In 1964 an Illinois court placed the children in the custody of a welfare worker, who placed them in the home of the petitioner and her husband. With the assent of the Illinois guardian, the petitioner and her husband brought the children to Massachusetts in 1968. In 1971 the older child was admitted to a New Hampshire school for psychiatric treatment and later returned to Illinois. On November 22, 1971, a representative of the Illinois guardian sought to remove the younger child to Illinois. The petitioner refused permission, and on November 23, 1971, filed the petition for guardianship in the Probate Court and was appointed temporary guardian of the two children. On November 24, 1971, the Illinois court entered an order directing the petitioner and her husband to return the children to Illinois. A motion to dismiss the Massachusetts petition was allowed on May 31, 1972, as a matter of law and discretion, and the petitioner appealed. In August, 1973, while the appeal was pending, the petitioner received a letter from an Illinois official stating that a decision had been made to drop all court action and leave the younger child in the petitioner's care. Counsel for the petitioner then wrote to the Attorney General of Illinois, suggesting that the case was moot. The Attorney General of Illinois filed a suggestion of mootness, attaching copies of the letters. As counsel for the petitioner suggested, she "should be free of collateral estoppel consequences . . . if any issues of fact or law determined by the judge below should perchance reappear in future litigation between the parties." *Reilly* v. *School Comm. of Boston,* 362 Mass. 689, 696 (1972). We therefore vacate the decree appealed from with a notation that the decision is not on the merits, and remand the case to the Probate Court with directions to dismiss the petition as moot.

*So ordered.*

*Nicholas P. Arenella,* Assistant Attorney General, for the Department of Public Welfare.
*W. Hugh M. Morton* for the petitioner.